**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WAYNE M. PERRY,

        Plaintiff,

v.                               CIVIL ACTION NO.   5:15-cv-07699

ASPLUNDH TREE EXPERT CO.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 7), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 8), the *Defendant's Response to Plaintiff's Motion to Remand* (Document 17), and the *Plaintiff's Reply Memorandum in Support of Motion to Remand* (Document 20).   In addition, the Court has reviewed the Plaintiff's *Complaint* (Document 1-1), first *Amended Complaint* (Document 14), and *Second Amended Complaint* (Document 28).   For the reasons stated herein, the Court finds that the Plaintiff's motion to remand should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff initiated this action with a complaint filed in the Circuit Court of Greenbrier County, West Virginia, on February 5, 2015.   He alleges therein that he was employed by the Defendant, Asplundh Tree Expert Co., and suffered an injury during the course of his employment. (Compl. at ¶¶ 4–8.)   The Plaintiff asserts that his supervisor directed him to cut a dead tree and the tree fell toward him.   (*Id.* at ¶ 5–6.)   He allegedly suffered a fractured arm.   (*Id.* at ¶ 7.)   The Plaintiff alleges that the Defendant's supervisory employees instructed him not to file a worker's

compensation claim.   (*Id.* at ¶ 11.)   He indicates that his damages include "pain and suffering; loss of enjoyment of life; lost income; annoyance and inconvenience; and, medical expenses." (*Id.* at ¶ 9.)

On June 15, 2015, the Defendant filed a *Notice of Removal* (Document 1), removing the case to this Court on the basis of diversity jurisdiction.   The Defendant filed a motion to dismiss (Document 5) on June 16, 2015.   The Plaintiff filed his motion to remand on July 2, 2015, asserting that, though the parties are diverse, the jurisdictional minimum of $75,000 was not satisfied.

Less than two weeks after filing his motion to remand, the Plaintiff filed an amended complaint.   Therein, he alleges the same basic facts regarding his injury, but adds additional detail regarding the instruction not to file a worker's compensation claim, as well as additional counts. Specifically, the Plaintiff alleges that Asplundh supervisors offered him "in-house insurance," assuring him that "he would remain on the company payroll; his medical expenses would be covered in full; and…he would not be required to perform any labor."   (Am. Compl. at ¶ 10.) Instead of fulfilling those promises, he alleges that the Defendant "terminated his employment without just cause [and] failed to pay him any further compensation."   (*Id.* at ¶ 12.)   The first amended complaint includes the following counts: Count One – Negligence; Count Two – Breach of Contract; Count Three – Breach of Covenant of Good Faith and Fair Dealing; Count Four – Promissory Estoppel; Count Five – Fraud; and Count Six – Strict Liability.

On August 19, 2015, the Plaintiff filed a second amended complaint.   The factual allegations closely track those in the initial complaint, with the additional detail alleged in the first

2

amended complaint.   The counts alleged in the second amended complaint are: Count One –
Breach of Contract; and Count Two – Promissory Estoppel.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the
district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[1]   This Court has original
jurisdiction of all civil actions between citizens of different states or between citizens of a state
and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or
value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every
defendant must be a citizen of a state different from every plaintiff for complete diversity to exist.
Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de
Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district
court under Section 1441.   Section 1446 requires that "[a] defendant or defendants desiring to
remove any civil action from a State court shall file . . . a notice of removal signed pursuant to
Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the
grounds for removal."   28 U.S.C. § 1446(a).   Additionally, Section 1446 requires a defendant to
file a notice of removal within thirty days after receipt of the initial pleading.   It is a long settled
principle that the party seeking to adjudicate a matter in federal court, through removal, carries the

---

1    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to
> the district court of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).

burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.   *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence.   *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)).   Where the amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S. D. W. Va. 1996) (Copenhaver, J.) In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."   *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiff argues that remand is proper in this case because the Defendant has not adequately met its burden of demonstrating that the amount in controversy is in excess of $75,000. He states that "the bottom line is that he suffered a fractured arm."   (Pl.'s Mem. at 5.)   Though he seeks "various categories of damages," he asserts that the Defendant has not offered sufficient evidence of the likely amount of recovery.   (*Id.*)

The Defendant argues in response that, while it believes removal was proper at the time, the Court should consider the first amended complaint, rather than the initial complaint filed in

4

state court.   It cites case law finding that "'if a plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction, a federal court may exercise jurisdiction even if the case was improperly removed.'"   (Def.'s Resp. at 4, quoting *Moffitt v. Residential Funding Co., LLC,* 604 F.3d 156, 159 (4th Cir. 2010).)   The Defendant contends that the Plaintiff's claims for "lost income, medical expenses, pain and suffering, loss of enjoyment of life, and annoyance and inconvenience" satisfy the amount in controversy, and the additional claim for fraud, with accompanying potential punitive damages, removes any doubt.   The Defendant attached an earning record for the Plaintiff, indicating that his 2012 gross wages totaled $25,907.   (*Id.* at 6–7; Employee Earnings Record, att'd as Ex. A, Document 17-1.)   After taking into consideration benefits such as Social Security and Medicare, the Defendant asserts, two and a half years of lost wages alone would approach $75,000.

The Court finds that the Defendant has not met its burden of demonstrating that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum.   As an initial matter, the Court is not convinced that it is appropriate to consider the Plaintiff's amended complaint in this case.   In *Moffitt*, the Plaintiff added class action claims after removal and before moving for remand.   *Moffitt v. Residential Funding Co., LLC*, 604 at 157-58.   The Fourth Circuit considered conservation of judicial resources, pointing out that the defendants could simply "remove the cases back to federal court in light of plaintiffs' amended class action complaints" if the cases were remanded.   *Id.* at 160.   Here, however, the Plaintiff's amended complaint added some additional detail and new claims, but is based on essentially the same set of facts and seeks to recover for the same injury.   Federal jurisdiction still depends on satisfying diversity and amount in controversy pursuant to 28 U.S.C. § 1332(a).   The Plaintiff did not amend his complaint

to confer federal question jurisdiction or to include class action claims.   Furthermore, the Plaintiff has since amended his complaint once again.   Relying on a complaint that was not operative at the time of removal *and* is no longer the governing complaint makes little sense.

Because each complaint asserts essentially the same facts and injuries, however, the Court finds that remand is appropriate regardless of which complaint is considered.   As Judge Faber has noted, a court considering the amount in controversy "is not required to leave its common sense behind."   *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S. D. W. Va. 1994) (Faber, J.).   At its core, the Plaintiff's injury was a fractured arm.   His potential damages include the medical expenses and pain and suffering associated with the broken arm, as well as other damages related to the Defendant's response to his on-the-job injury.   The Defendants have provided no information regarding the severity of the fracture, the medical care required, the recovery time, or the period the Plaintiff spent without employment after being terminated.   On the information presented, the Court cannot find that the amount in controversy is more likely than not above the jurisdictional minimum.   It is the removing Defendant's burden to produce such evidence in order to establish federal jurisdiction.   Further, the Court is mindful that doubt is to be resolved in favor of retained state jurisdiction.   Accordingly, the Court finds that it lacks jurisdiction, and this matter must be remanded to the Circuit Court of Greenbrier County, West Virginia.

### ATTORNEY FEES

The Plaintiff requested that he be awarded attorney fees and expenses associated with the removal of this action.   28 U.S.C. §1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   The United States Supreme Court has held that "absent unusual circumstances,

attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).   Although the Court has concluded that the Defendant failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, the parties have diverse citizenship and the amount in controversy is not clearly set forth.   Therefore, the Court finds that the Defendant had an objectively reasonable basis for removal, and so an award of fees is not appropriate.

**CONCLUSION**

Wherefore, following careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 7) be **GRANTED** to the extent it seeks remand, and **DENIED** to the extent it seeks attorney fees.   The Court further **ORDERS** that this case be **REMANDED** to the Circuit Court of Greenbrier County, West Virginia for further proceedings, and that any pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Greenbrier County, West Virginia, to counsel of record and to any unrepresented party.

ENTER:        October 27, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7